Edward L. COOK, Petitioner—
Appellant,

v.

A. LAMARQUE, Warden, Respondent—
Appellee.

No. 03–15247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 14, 2004.

Edward L. Cook, Corcoran, CA, pro se.

Stephen Greenberg, Nevada City, CA, Robert R. Anderson, Depty Atty Gen, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: MESKILL,* TROTT, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Edward L. Cook appeals the district court's denial of his habeas corpus petition on three grounds: (1) the state appellate court violated his due process rights when it applied a newly-announced and unconstitutional rule of law to his case; (2) the state trial court violated his Due Process and Sixth Amendment rights by failing to

---

* Hon. Thomas J. Meskill, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

instruct the jury on the elements of aiding and abetting; and (3) he was denied effective assistance of counsel when his lawyer failed to request specific instructions relevant to his theory of the case. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

### 1. Standard of Review

We review the district court's denial of a habeas corpus petition de novo and its findings of fact for clear error. *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir.2003). Because Cook's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we can grant relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### 2. Aiding and Abetting Instructions Were Irrelevant

Aiding and abetting instructions were irrelevant in Cook's case. The California Court of Appeal concluded on this issue in a reasoned decision based on California precedent that: "defendant is wrong and that the evidence at trial clearly showed that defendant was guilty, if at all, as a direct perpetrator of the robbery." *People v. Cook*, 61 Cal.App.4th 1364, 1368, 72 Cal. Rptr.2d 183 (1998). The California Court of Appeal revisited the same issue in an Order Denying Petition for Rehearing and reached the same result. Thus, the California Court of Appeal did not announce a new and unconstitutional rule of law.

■ Moreover, the state trial court's failure to give the instructions did not affect the verdict. It is clear from the jury instructions that the jurors concluded that Cook committed the murder while engaged in a robbery. *See* CALJIC 8.80.1 (1993 Rev., as modified) ("the murder occurred while defendant was committing a robbery") and CALJIC 8.81.17 (1991 Rev., as modified) ("The murder was committed while the defendant was engaged in the commission of a robbery; and ... The murder was committed in order to carry out or advance the commission of the crime of robbery or to facilitate the escape therefrom or avoid detection. In other words, the special circumstance ... is not established if the robbery was merely incidental to the commission of the murder.").

### 3. Ineffective Assistance of Counsel

■ We agree with the California Court of Appeal and the district court that Cook's claim of ineffective assistance of counsel is equally without merit. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a petitioner claiming ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness and that such errors prejudiced the defense. *Id.* at 687. Cook did not meet this test.

Because aiding and abetting instructions were irrelevant, and because the jury was adequately instructed on scenarios suggested by the evidence presented at trial, the California Court of Appeal correctly found that counsel was not ineffective for failing to request other instructions or attempting to correct the trial court's rewording of the Special Instructions.

Furthermore, prior to Cook's trial, the Supreme Court of California had already held that a general reasonable doubt instruction is sufficient when evidence of third party culpability is introduced. *People v. Wright*, 45 Cal.3d 1126, 1134, 248 Cal.Rptr. 600, 755 P.2d 1049 (1988). Consequently, the California Court of Appeal correctly held that Cook's counsel was not ineffective for failing to request an instruction already considered unnecessary by the state's highest court.

The California Court of Appeal properly applied *Strickland* and found that counsel was not constitutionally deficient. We agree and hold that the California Court of Appeal's decision is consistent with Supreme Court precedent.

Finally, Cook's pending motion to broaden the Certificate of Appealability is denied. Reasonable jurists would not dispute that Adolph's testimony was not coerced.

AFFIRMED.